## DE BERRY *v.* WARDEN OF MARYLAND PENITENTIARY

[H. C. No. 22, October Term, 1947.]

*Decided February 18, 1948.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Per Curiam.*

This is an application for leave to appeal from refusal of a writ of habeas corpus.

Petitioner states:

1. He was denied the right to take the stand in his own behalf;

2. That he was convicted by his own personal property;

3. That he can show that a witness, Clarke, made a different statement before the magistrate than he did in court;

4. He wants to show in this proceeding his innocence.

In his brief, he restates his innocence (A), objects to evidence that was admitted; declares "Earnest Clarke did do the killing. I know cause I am the man who pulled him off the dying man."

There is no allegation in the petition to show he was denied the right to take the stand in his behalf or asked the court to take the stand. (B) Rulings on evidence admitted in the trial of a criminal case, or other rulings reviewable on appeal ordinarily, will not be reviewed in a habeas corpus proceeding. (A) If the petitioner feels he has been dealt with unjustly, he may appeal to the Executive Department.

*Application denied, without costs.*

(A) *Blundon v. Warden of the Md. House of Correction,* 190 Md. 740, 60 A. 2d 524.

(B) *Walker v. Warden of the Maryland Penitentiary,* 190 Md. 729, 60 A. 2d 523.